Remonia G. MILLS, Plaintiff–Appellee,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA et al., Defendants,

General Teamsters Local Union Number 528, Defendant–Appellant.

No. 78–3198.

United States Court of Appeals, Fifth Circuit. Unit B

Jan. 16, 1981.

Fredrick C. McLam, Decatur, Ga., for defendant–appellant.

Wilkinson, Wallace & Wilson, Charles L. Wilkinson, III, Dewitt R. Dent, Augusta, Ga., for plaintiff–appellee.

Before GEWIN, RONEY and FRANK M. JOHNSON, Jr., Circuit Judges.

RONEY, Circuit Judge:

In this case, the district court held that General Teamsters Local Union No. 528 (Local 528) violated Title VII of the Civil

Rights Act of 1964, 42 U.S.C.A. §§ 2000e–2000e–17, by refusing to refer plaintiff for employment as a truck driver because of her sex. The court awarded plaintiff over $15,000 in back pay. On appeal, Local 528 asserts the district court erred in two respects: first, in finding the union impermissibly discriminated against plaintiff; and second, in computing damages from the day plaintiff requested referral rather than the day there was a vacancy for which plaintiff should have been referred but was not. We affirm the finding of liability but hold that the award of back pay should not begin until the first instance of discriminatory nonreferral occurred. The cause is therefore remanded for a redetermination of damages.

Briefly, on September 9, 1975, plaintiff Remonia Mills, a qualified heavy truck driver, had her name put on Local 528's courtesy out–of–work list to be referred by the union for employment as a truck driver in Augusta, Georgia. Drivers were to be referred for vacant positions in the order their names were placed on the list. Plaintiff was not referred by the union for a truck driver position until March, 1977, after she had filed a sex discrimination complaint against the union with the EEOC.

Mills brought suit against both Local 528 and its parent, the International Brotherhood of Teamsters. The district court granted the International's motion for directed verdict at the close of plaintiff's case and plaintiff has not appealed this ruling. On the other hand, the court found that the local's failure to refer plaintiff violated Title VII, 42 U.S.C.A. § 2000e–2(c)(2), which makes it unlawful for a labor organization

to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin.

It is from this ruling that the defendant local union appeals.

Throughout the period in question, construction was underway at the Columbia Nitrogen Co. project site in Augusta, with contract work being done by McKee Construction Co. and later by C. F. Braun Co. Defendant asserts the district court erred in finding that during 1976 and 1977 C. F. Braun Co. relied exclusively on referral from Local 528 to fill truck driver positions.

Local 528's business agent testified the union did not maintain an exclusive hiring hall and C. F. Braun had no contractual obligation to hire solely on referral from the union. The foreman who did most of the hiring for C. F. Braun, as well as for McKee Construction Co., (and who styled himself the "Teamster foreman"), testified that truck drivers were in fact hired at the gate without letters of referral but then were generally required to obtain such letters after being hired. The union's secretary testified to the same effect. On the other hand, C. F. Braun's construction manager indicated that whatever the company's contractual obligation, its policy was to hire only on referral from the union. The company's personnel manager at the Columbia Nitrogen site stated in his deposition that he had no knowledge of any drivers being hired at the gate without letters of referral. Mills herself testified that when she tried to get a job at the gate, she was told by the foreman that she could not be hired without a letter of referral.

On the basis of this conflicting testimony, the district court's finding was not clearly erroneous. To establish a case of discrimination under § 2000e–2(c)(2), only an essentially exclusive practice of referral by the union had to be shown. The district court could make such a finding on the evidence even though some exceptions to the practice could be found in the record and there was no contractual obligation to hire exclusively on union referral.

■ In view of this method of employment and referral, the evidence supported a finding that plaintiff established a prima facie case of discrimination which defendant did not satisfactorily rebut. Under the

general test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), and adapted to the failure–to–refer situation, plaintiff was required to show: (1) she was a member of a group protected by Title VII; (2) she was qualified and requested referral for a job for which the union was referring applicants; (3) despite her qualifications, she was not referred; and (4) after her nonreferral, the union continued to refer applicants with plaintiff's qualifications for available positions.

■ Defendant does not dispute that Mills was a fully qualified heavy truck driver. The evidence showed that a number of men put on the out–of–work list after plaintiff were referred for positions before plaintiff. There was testimony that when C. F. Braun's personnel manager telephoned the union to inquire if any names of female truck drivers appeared on the referral list, he was told none did, although plaintiff was assured that same day that her name was still on the list. Taken together, this evidence amply supported the finding of unlawful discrimination.

■ The district court found as a fact that approximately sixteen men were improperly referred and hired before Mills. Defendant asserts that the court's failure to identify those sixteen individuals was error. Fed.R.Civ.P. 52(a), which requires a court sitting without a jury to make findings of fact, does not require that degree of specificity. The record supports such a finding with regard to several men, and any one or more would suffice to establish unlawful discrimination.

■ The district court's award of back pay ran continuously from September 9, 1975, the day Mills first put her name on the union's referral list, to March 7, 1977, the day she was referred as a truck driver. Local 528 challenges this award in two respects. First, it argues that plaintiff was away from Augusta for several months in 1976 and was therefore not available for employment during that time. There was credible testimony, however, that before she left Augusta, plaintiff informed the un-ion that she would only be away temporarily and that she still wished to be referred and could return to Augusta for referral in eight hours. She also left a telephone number where she could be contacted. Thus, there was no error in finding that plaintiff was available for referral throughout the period in question.

■ Second, defendant asserts that an award of back pay is not triggered until the first time a position becomes available for which the plaintiff could be referred but is not because of unlawful discrimination. On this point, the defendant is correct. Under the *McDonnell Douglas* standards, discrimination does not occur until an individual requests and is denied referral for a position which is then available. *See East v. Romine, Inc.*, 518 F.2d 332, 337 (5th Cir. 1975).

In this case, then, the date Mills first requested referral is not controlling. The case must be remanded so that the district court can determine the first instance there was a vacancy for which plaintiff could have been referred but was not. While defendant urges this Court to find that the first possible instance of discriminatory nonreferral occurred on January 9, 1976, we leave that determination to the district court.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.